UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

|  |  |  |
|---|---|---|
| CAROLYN BROWN BEAR, | ) | CIV 08-5080 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | ORDER GRANTING |
| vs. | ) | MOTION TO COMPEL |
|  | ) |  |
| CUNA MUTUAL GROUP, CUNA | ) |  |
| MUTUAL LIFE INSURANCE | ) |  |
| COMPANY, and CUNA MUTUAL | ) |  |
| INSURANCE SOCIETY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## INTRODUCTION

Plaintiff Carolyn Brown Bear moves to compel defendants Cuna Mutual Group, Cuna Mutual Life Insurance Company, and Cuna Mutual Insurance Society (collectively "Cuna"), to produce discovery in response to Plaintiff's First, Second, and Third Requests for Production of Documents. [Docket No. 33]. Defendants oppose the motion. [Docket No. 39]. The motion was referred to this magistrate judge for resolution by the Honorable Jeffrey L. Viken, United States District Judge. [Docket No. 46]. The order is granted in part as to Plaintiff's First Request for Production of Documents, as detailed below. The order is granted as to Plaintiff's Second and Third Requests for Production of Documents.

## FACTS AND PROCEDURAL BACKGROUND

The facts, insofar as they are pertinent to the motion pending before this court, are as follows. In 2002, Carolyn Brown Bear purchased "credit disability" insurance to insure two loans from Black Hills Federal Credit Union. Cuna issued the certificate of insurance for the coverage. On December 17, 2003, several months after suffering a stroke, related brain injury, and undergoing brain surgery, Brown Bear submitted a claim to defendants. On March 1, 2004, Cuna denied Brown Bear's claim, stating that Brown Bear had not been advised by any doctor to discontinue working due to a medically-determined sickness or accidental injury.

On February 25, 2005, the Social Security Administration issued a determination that Brown Bear was disabled due to various serious medical causes, and had been so disabled since October 24, 2003. On October 15, 2005, Brown Bear resubmitted her claim to Cuna and included a copy of the Social Security determination of disability. Cuna again denied Brown Bear's claim, this time relying on language contained in the certificate of insurance and stating that the information pertaining to Brown Bear's disability was received after the time frame specified within the certificate of insurance.

Specifically, Cuna relied on the certificate provision which states, "Unless you have been legally incapable of filing proof of Total Disability, we won't accept it if it is filed more than one (1) year from the time it *should have been*

*filed.*" (emphasis added). Brown Bear resisted Cuna's denial of her claim, relying instead on language on the certificate of insurance which states that proof of disability must be submitted within ninety days of the date the claimant's disability *stops*. Cuna contends that the "should have been filed" language permits it to deny claims where proof of disability was not filed within twelve months of when the claimant's disability first began, or within twelve months of the date Cuna requests such proof. Ms. Brown Bear filed the present action on October 8, 2008.

On June 1, 2009, Cuna went to trial in an unrelated case, involving Cuna's denial of benefits based on its interpretation of the above-mentioned certificate language. See McElgunn v. CUNA Mutual Ins. Soc., et. al (hereinafter Powell), 5:06-cv-05061-KES, Docket 414.[1] The district court, Chief Judge Karen E. Schreier presiding, overruled Cuna's use and interpretation of the "should have been filed" language, holding that the certificate language unambiguously requires a claimant to present proof of disability within ninety days after the disability stops, and that the language allows a claimant an additional twelve months after that time to provide proof of loss. Id. The court

---

[1] Terri Powell was the named insured in the McElgunn v. CUNA matter; however, Ms. Powell passed away during the pendency of her litigation against Cuna, and the court substituted Ms. Sharon McElgunn, the personal representative of Ms. Powell's estate, as plaintiff. The parties in the present matter have referred to the previous litigation as both McElgunn and Powell; for purposes of clarity and consistency, this court will adopt Powell as the name to be used when referencing the previous litigation.

also held that in order to enforce a time limitation based on a proof of loss provision, an insurer must prove it has suffered prejudice based on the claimant's delay. Id. at p. 5.

During the Powell trial, Cuna's defense counsel represented to the jury that based the district court's decision regarding the unambiguous nature of the certificate language, Cuna had decided to "reprocess" all claims it previously denied using its erroneous interpretation of the "time filing" language. Subsequent to the Powell trial, Cuna withdrew its denial of Brown Bear's claim and issued her two checks as reimbursement for the payoff amount of the loans she had insured in 2002. See 5:08-cv-05080-JLV, Docket No. 34-15. The parties in the instant case stipulated that the documents produced in discovery in Powell could be used as if produced in this case. Docket No. 34, at 5.

Brown Bear issued her first set of requests for production of documents in this matter on February 2, 2009. Docket No. 21. Cuna did not initially respond or provide discovery, and responded formally only after Brown Bear brought the present motion to compel. Docket Nos. 33, 39. According to Brown Bear, on March 9, 2009, several months before filing her motion to compel, Brown Bear wrote to Cuna and asked when Cuna would provide

responses.  Docket No. 34, Exhibit 2.[2]  Brown Bear's counsel sent an e-mail on

May 5, 2009 notifying defense counsel that they had not received the discovery

which counsel "were going to send by overnight mail on or about 4/22."[3]  Id. at

Exhibit 4.  Brown Bear's memorandum in support of the present motion

represents that Cuna agreed to produce documents on April 22, 2009.  Docket

No. 34, p. 4, n.3.  At some point prior to May 14, 2009, Cuna responded to

Brown Bear's first requests; however, the documents provided were apparently

quite incomplete, and Brown Bear subsequently provided an inventory of the

missing documents.  Id.  On June 30, 2009, Brown Bear's counsel again

consulted with Cuna regarding the missing documents and information.

Docket No. 34-7.  Brown Bear's counsel provided another exhaustive inventory

of missing discovery and requested that Cuna supplement its responses

appropriately in light of Cuna's then-recently announced decision to reprocess

claims following the district court's ruling in Powell.  Cuna's counsel responded

via e-mail on July 2, stating: "We will address each of your concerns regarding

discovery next week."  Id.

---

[2] The above-referenced letter from plaintiff's counsel, attached to plaintiff's memorandum in support of her motion to compel, is docketed as Exhibit 2 under Docket 34; however, the docketing header on Exhibit 2 shows the letter is filed as Docket 34-3.

[3] The court notes that plaintiff's brief in support of her motion to compel states that Exhibit 3 to Docket 34 is an email from defense counsel dated May 5, 2009, wherein defense counsel agreed to produce documents on April 22, 2009. No such email appears as an exhibit attached to the brief.

In early July 2009, Cuna twice replaced its defense counsel. See Docket Nos. 28, 31. Cuna's substituted and current counsel apparently requested an extension of time to the end of July to respond to the discovery responses issued six months earlier. See Docket No. 34, p. 5. Brown Bear's counsel declined to expressly consent to an extension, but nevertheless waited until after the date of defense counsel's request passed to file the present motion to compel. Docket No. 34.

## DISCUSSION

### I. Plaintiff's First Request for Production of Documents

#### A.    Production Requests

##### 1.    Request No. 1

In request 1 of her First Requests for Production of Documents, which were served on February 2, 2009, Brown Bear asked Cuna to provide "[a]ny and all documents relating in any way to the claim(s) of Carolyn Brown Bear, which would include but not be limited to:

> A: electronic data not included in the hard copy filed, including e-mails, or other computerized data;
> B: copies of the file jackets containing documents that relate to the Plaintiff, as well as any telephone slips, post-it-notes, hand-written notes, or other removable materials that have ever been in or associated with any of the files relating to the Plaintiff;
> C: any and all claims files, claim committee notes, appeal committee notes, memos, or documents of any kind relating to the claim(s) of the Plaintiff.

Docket No. 34-1.  Plaintiff asserts that while Cuna produced portions of Carolyn Brown Bear's claims file during the <u>Powell</u> litigation, Cuna has not provided all documents in response; specifically, that Cuna has not produced any documentation as to its "reprocessing" of Plaintiff's claim which resulted in Cuna's decision to pay her claim.  Plaintiff represents that defendants have agreed to comply with this discovery request on at least two occasions, but that defendants have not so complied.  <u>See</u> Docket No. 34, Exhibits [3], 6.  Cuna responded to request number one by objecting on grounds of privilege and relevancy.   Cuna further responded that without waiving its objections, it would "produce responsive materials at a mutually agreeable time and place."  Cuna stated that it would produce "available unprivileged" documents with regard to this request.

### a.    Privilege

Cuna cites both the attorney-client privilege and the work product privilege in its response to Brown Bear's first request.  The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice.  In a diversity action, state law determines both the existence and scope of the attorney-client privilege.  Fed. R. Evid. 501; <u>Gray v. Bicknell</u>, 86 F.3d 1472, 1482 (8th Cir. 1996); <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64, 78 (1938)("Except in matters

governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

Four elements must be present to invoke the attorney-client privilege: (1) a client; (2) a confidential communication; (3) the communication was made for the purpose of facilitating the rendition of professional legal services to the client; and (4) the communication was made in one of the five relationships enumerated in S.D.C.L. §19-13-3. State v. Rickabaugh, 361 N.W.2d 623, 624-25 (S.D. 1985)(quoting State v. Catch The Bear, 352 N.W.2d 640, 645 (S.D.1984)); S.D.C.L. § 19-13-3. The party claiming the privilege carries the burden of establishing all of the essential elements. Id.

The work product privilege is "distinct from and broader than the attorney-client privilege." In re Green Grand Jury Proceedings, 492 F.3d 976, 980 (8th Cir. 2007) (quoting In re Murphy, 560 F.2d 326, 337 (8th Cir. 1977)). While the purpose of the attorney-client privilege "is to encourage clients to make a full disclosure of all favorable and unfavorable facts to their legal counsel," Murphy, 560 F.2d at 337, the work product privilege "functions not merely and (perhaps) not mainly to assist the client in obtaining complete legal advice but in addition to establish a protected area in which the lawyer can prepare his case free from adversarial scrutiny." In re Special September 1978 Grand Jury (II), 640 F.2d 49, 62 (7th Cir. 1980). Because the work product privilege protects the attorney's thought processes and legal recommendations,

both the attorney and the client hold the privilege.  <u>United States v. Under Seal</u> <u>(In re Grand Jury Proceedings # 5)</u>, 401 F.3d 247, 250 (4th Cir. 2005)(citation omitted); <u>Genentech, Inc. v. U. S. Intern. Trade Com'n</u>, 122 F.3d 1409, 1415 (Fed. Cir. 1997)(internal quotation marks and citation omitted).

In a diversity case, such as this one, courts must "apply federal law to resolve work product claims." <u>McElgunn v. Cuna Mut. Group</u>, No. 06-Civ-5061-KES, 2008 WL 5105453, at *1 (D.S.D. Dec. 2, 2008) (quoting <u>Baker v.</u> <u>Gen. Motors Corp.</u>, 209 F.3d 1051, 1053 (8th Cir. 2000)).  Rule 26(b) of the Federal Rules of Civil Procedure permits discovery of any matter "not privileged."  Rule 26(b)(3) provides that documents "prepared in anticipation of litigation or for trial by or for another party or by its representative" are discoverable only if the requesting party demonstrates a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  The rule further states that the court will "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."  Fed. R. Civ. P. 26(b)(3).  To assess the presence of either the attorney-client privilege or the work product privilege, the court may order documents to be submitted for *in camera* review.   Fed. R. Civ. P. 26(b)(5).

With the applicable Federal Rules in mind, the court now turns to the test adopted by the Eighth Circuit for determining whether documents were

prepared in anticipation of litigation, and thus are subject to the work product

privilege. The test is "a factual determination" which asks

> whether, in light of the nature of the document and the factual
> situation in the particular case, the document can fairly be said to
> have been prepared or obtained because of the prospect of
> litigation. But the converse of this is that even though litigation is
> already in prospect, there is no work product immunity for
> documents prepared in the regular course of business rather than
> for purposes of litigation.

Simon v. G. D. Searle & Co., 816 F.2d 397, 401 (8th Cir.1987). The Advisory

Committee notes following Rule 26 indicate that "[m]aterials assembled in the

ordinary course of business . . . or for other nonlitigation purposes" are not

subject to qualified immunity under the Rule. Fed. R. Civ. P. 26(b)(3) advisory

committee's note.

With respect to Brown Bear's first request, Cuna has not alleged any

facts which would lead the court to accept the argument that documents

related to her insurance claim are protected by the attorney-client privilege.

Cuna has not carried its burden of proving each of the elements of the state

statutory attorney-client privilege. See Rickabaugh, 361 N.W.2d at 624-25.

Furthermore, the court is unable to determine whether documents

related to Brown Bear's claim are covered by the work product privilege based

on Cuna's mere assertion that they are so privileged. "In cases involving large

numbers of documents or where the nature of the document will not likely be

readily apparent on its face to the uninitiated observer, the proponent of work

product protection must present *in camera* matter to the Court in a reviewable form such as in a 'Vaughn Index' which itemizes each document, provides a factual summary of its content and justification for withholding it." <u>Delaney, Migdail & Young, Chartered v. I.R.S.</u>, 826 F.2d 124, 128 (D.C.Cir.1987); Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973), *cert denied*, 415 U.S. 977, 94 S.Ct. 1564 (1974). In the instant case, this was not done and, therefore, the court has no factual basis for concluding that any of the documents requested by Brown Bear would be subject to the work product privilege.

To that end, with regard to Brown Bear's first request, Cuna shall produce to opposing counsel all documents relating in any way to Brown Bear's claim which have not already been produced and are not subject to claim of privilege. The file maintenance documentation required by S.D.C.L. § 58-3-7.4[4] shall also be made available. Cuna shall produce to the court the documents which it claims are subject to the attorney-client privilege, along with a Vaughn index setting forth its factual basis for Cuna's assertion that the documents are so privileged. <u>See</u> <u>Rickabaugh</u>, 361 N.W.2d at 624-25.

Cuna shall produce to the court the documents which it claims are subject to the work product privilege for *in camera* review. Cuna shall

---

[4] S.D.C.L. § 58-3-7.4(2) provides that "[d]etailed documentation shall be contained in each claim file in order to permit reconstruction of the insurer's activities relative to each claim." Brown Bear has apparently not received any of this documentation, which is required by state law to be kept in her claim file.

summarize, in factual and not conclusory terms, the nature of the material withheld and shall link each specific claim of privilege to specific material.  See Vaughn, 484 F.2d at 826-28.  The court can then assess whether statutory attorney-client or work product privileges apply to the documents and whether they are subject to discovery.  Cuna shall produce all documents described above, whether directly to Ms. Brown Bear, or to the court for *in camera* review, within 30 days from the date of this order.

**b.    Relevancy**

Cuna also objected to Brown Bear's first request on grounds of relevance. Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.  For purposes of discovery, relevancy has been defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case, and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action.  See Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 124 (M.D.N.C. 1989)(stating "discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action") and Morse/Diesel,

Inc. v. Fidelity & Deposit Co. of Maryland, 122 F.R.D. 447, 449 (S.D.N.Y 1988) (stating that if there is any possibility that the information requested may be relevant to the subject matter of the lawsuit, it is proper discovery).

In this case, Brown Bear asserts that Cuna breached the insurance contract by denying her disability claim and acted in bad faith when denying that claim. Clearly, the requested documents, all of which are narrowed in scope to include all documents relating only to Ms. Brown Bear's claim, dating from the time her certificate of insurance was issued to the present day, are relevant because they form the basis for the issues raised by Brown Bear in her complaint. The documents in Cuna's possession relating to Brown Bear's claim undoubtedly "bear on" litigation over that claim. Oppenheimer, 437 U.S. at 351. Cuna's argument as to lack of relevancy fails, and the court orders Cuna's compliance with Brown Bear's first request as set forth above in subsection (a).

## 2. Request Nos. 3 and 4

In requests three and four of her First Requests for Production of Documents, Brown Bear asked Cuna to provide updated electronic versions of two Excel spreadsheets, previously produced in the Powell litigation and identified as (1) "CS003069 Members w Denial-PTL 042008.xls" (CMIS 7836-7884), and (2) "FilingDenials.xls" (CMIS 47455-47529). Brown Bear requested that the updated versions of both spreadsheets include information as to

identification of claims and corresponding data that have occurred since creation and production of the spreadsheets in the <u>Powell</u> litigation.

Cuna responded to requests 3 and 4 by objecting on grounds that the requests were unduly burdensome, over broad, and called for information not likely to lead to relevant evidence at trial. Cuna further stated that no such updated information exists, because it stopped tracking time filing denials in 2006 and only made spreadsheets showing denials after that time based on the court's order after <u>Powell</u>. Docket 39, p. 8-9. Cuna asserts that the information sought is irrelevant to Ms. Brown Bear's bad faith claim, in that the relevant question in such an action is "whether the insurer acted recklessly or with ill will toward the plaintiff in a particular case, not whether the defendant's business practices were generally reasonable." Docket No. 39-1, at 7 (quoting <u>DeKnikker v. General Cas.</u>, 2008 WL 1848144, at *2 (D.S.D. 2008)). Cuna also points out that it provided Brown Bear's counsel with a CD with two spreadsheets prior to the <u>Powell</u> trial, which spreadsheets were apparently intended to satisfy request numbers three and four. <u>Id.</u>

Although the court agrees that it cannot compel defendants to produce documents not made or in existence, the court believes that a course of action taken in compliance with a court order constitutes the "ordinary course of business," and Cuna must produce the documents, including spreadsheets created and/or modified which show benefits denials after 2006. All

documents and entries on those documents that are in existence at the present time should be produced.

In sum, because the court finds the documents plaintiff seeks through requests three and four in her First Set of Requests for Production of Documents are relevant to the instant case, not overly broad, and not unduly burdensome, plaintiff's motion to compel defendants to produce such documents is granted. Cuna shall provide the requested documents within thirty (30) days from the date of this court's order.

### 3. Request No. 5

In request five of her First Requests for Production of Documents, plaintiff asked defendants to provide "all documents relating to any review, analysis, discussion, interpretation, or research pertaining to your use or potential use of the **time filing** limitation or **supplemental filing** limitation in any individual state, any group of states, or in any context in which no specific states are mentioned," to include the "state by date" review referenced in a deposition of Lisa Wagner taken on November 19, 2008. Docket No. 34 (emphasis in original). Cuna responded by objecting on grounds that the request was vague, overbroad, unlimited in time and scope, burdensome, irrelevant, and called for privileged information.

### a. Overbreadth

While "a document request may be overly broad on its face if it uses an

omnibus term such as 'relating to,' 'pertaining to,' or 'concerning,' " if "the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face." U.S. Fire Ins. Co. v. Bunge North America, Inc., 2007 WL 1531846, at *7 (D. Kan. May 25, 2007). Here, Brown Bear requests documents relating to litigation regarding both the time filing limitation and supplemental filing limitation. Cuna is familiar with the terminology used to describe the rules as well as the specific subject matter that is addressed by the rules, especially in light of the extensive use of the terms and their precise definitions as provided by the plaintiffs in the Powell litigation. Accordingly, the court finds that documents relating to the time filing limitation and supplemental filing limitation are specific types of documents and, therefore, request 5 is neither vague nor overly broad.

### b.    Unduly Burdensome

Brown Bear argues that request 5 is not unduly burdensome because Cuna itself announced its decision to reprocess claims denials after the Powell decision, and consequently that Cuna would be required to document the various aspects of claim reprocessing that Brown Bear now requests. Cuna responds that request 5 is unduly burdensome because despite its decision to reprocess claims after Powell, an order compelling production would be akin to an order compelling Cuna to "create documents (or additional entries on

documents) which would not otherwise be done in the ordinary course of business." Docket 39, p. 9. Cuna also argues that the relevant issue in a bad faith case is whether the insurer acted with ill will toward a plaintiff in her particular case only, and so any information regarding Cuna's conduct after the filing of the bad faith claim is largely irrelevant and not subject to discovery.

Several courts have determined that where the discovery requests are relevant, the fact that answering them will be burdensome and expensive is not in itself a reason for a court's refusing to order discovery which is otherwise appropriate. See In re Folding Carton Antitrust Litigation, 83 F.R.D. 260, 265 (N.D. Ill. 1979) (stating that "[b]ecause the interrogatories themselves are relevant, the fact that answers to them will be burdensome and expensive 'is not in itself a reason for refusing to order discovery which is otherwise appropriate' "); Alexander v. Parsons, 75 F.R.D. 536, 539 (W.D. Mich. 1977) (stating that "the mere fact discovery is burdensome . . . is not a sufficient objection to such discovery, providing the information sought is relevant or may lead to the discovery of admissible evidence"); and Burns v. Imagine Films Entm't, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996) (determining that the fact that answering interrogatories will require the objecting party to expend considerable time, effort, and expense consulting, reviewing, and analyzing huge volumes of documents and information is an insufficient basis for an

objection). Moreover, if discovery requests are relevant, the fact that they involve work, which may be time consuming, is not sufficient to render them objectionable. See United States v. Nysco Labs., Inc., 26 F.R.D. 159, 161-62 (E.D.N.Y. 1960)and Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 245 (N.D. W. Va. 1970) (stating that "[i]nterrogatories, otherwise relevant, are not objectionable and oppressive simply on grounds [that] they may cause the answering party work, research and expense").

As such, the fact that Cuna will have to review voluminous claims files or search for documents relating to the time filing provisions cited by Brown Bear is not a sufficient reason to find that request 5 is unduly burdensome. Moreover, Cuna does not cite and the court is not aware of any binding authority that concludes that a review of numerous files in order to redact insureds' personal information and segregate privileged information necessarily makes producing such documents an undue burden. Thus, under the facts of this case, the fact that producing requested documents requires work and expense does not mean that such a request is unduly burdensome.

### c. Relevancy

Brown Bear argues that request 5 is relevant to this case because the documents will likely reveal that Cuna knew or should have known about its invalid use of the time filing limitation and supplemental filing limitation to deny claims prior to the time it denied her claims. She emphasizes that the

Powell court previously ordered Cuna to provide all documents identifying prior litigation against it for bad faith or breach of contract. Cuna responds that the documents requested are irrelevant to the current litigation because although Brown Bear's denial of benefits was issued in November 2005, she requests documents dating to the present. Cuna further argues that any such information would not lead to admissible evidence at trial as to whether Cuna acted unreasonably or with reckless disregard toward Brown Bear.

The court finds it instructive to repeat that for purposes of discovery, rather than admissibility at trial, relevancy encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer, 437 U.S. at 351. Information is generally discoverable if there is *any possibility* that it is relevant to any issue in the case. See Marker, 125 F.R.D. at 124 and Morse/Diesel, 122 F.R.D. at 449.

While Cuna portrays Brown Bear's fifth request as one that could not possibly lead to relevant evidence at trial, Cuna overlooks Brown Bear's prayer for punitive damages. The requested documents may demonstrate Cuna's alleged deliberateness and culpability in this case, and such conduct is a proper consideration at trial for an award of punitive damages.

In sum, the court finds that request 5 is not vague, overly broad, unduly burdensome, or privileged, and orders Cuna to provide responsive documents

produced for the period of January 1, 2000, to the present. Cuna has not carried the burden of demonstrating that the documents are protected by the attorney-client privilege. Rickabaugh, 361 N.W.2d at 624. For any materials allegedly subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same. See Vaughn, 484 F.2d at 826-28. Cuna shall provide the requested documents within thirty (30) days from the date of this court's order.

### 4.    Request No. 7

Brown Bear's seventh request in her First Requests for Production calls for "any and all guidelines, reference material, legal opinions, court rulings, or other documents created, obtained or in the possession of any of your employees, which are related to the following provision in [Cuna's] credit disability insurance policies: "Unless you have been legally incapable of filing proof of Total Disability, we won't accept it if it is filed after one year from the time it should have been filed." Cuna responded by objecting on identical grounds to its objection to Brown Bear's request number five.

A similar request was made and an order to compel granted for training materials, procedure guides, and legal opinions in Powell. See McElgunn v. Cuna Mut. Group et al. (Powell), CIV. 06-05061 (Docket 84 at 2)(D.S.D. 2009). The district court also ordered Cuna to produce legal opinions and court rulings. Powell, CIV. 06-05061 (Docket 246 at 9-13)(D.S.D. 2009). This court

finds the district court's approach to be similarly appropriate in this situation. Because Cuna relied on the "should have been filed" language to deny Brown Bear's claim, the court finds that documents in Cuna's possession which related to that provision may be relevant to issues in the case.

To the extent Cuna continues to rely on claims of privilege as to documents encompassed by request number seven, Cuna should provide any legal opinions, court rulings, or other such pertinent documents to the court for *in camera* review. See Simon v. G. D. Searle & Co., 816 F.2d 397, 401 (8th Cir.1987). Cuna is further ordered to produce to Brown Bear all guidelines, reference material, and any other documents in the possession of its employees which are related to the above-quoted provision in Cuna's credit disability insurance policies. Cuna has not carried its burden of demonstrating that the documents are protected by the attorney-client privilege. Rickabaugh, 361 N.W.2d at 624. For any materials allegedly subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same. See Vaughn, 484 F.2d at 826-28. Cuna shall provide the requested documents, whether to Ms. Brown Bear directly or to the court for *in camera* review, within thirty (30) days from the date of this court's order.

### 5. Request No. 8

Plaintiff's eighth request calls for "[a]ny and all documents relating to the analysis, creation, drafting, or implementation of the **HOW TO FILE A TOTAL DISABILITY CLAIM** provision in the credit disability insurance policy that is the subject of this action" (emphasis in original). Cuna responded by objecting on identical grounds to its objection to requests five and seven. Cuna also states that it has not located any documents relating to the time filing provision prior to 2002, apparently because the time filing requirement was not enforced prior to 2002, but admits it produced documents "generally responsive" to this request in the Powell matter.

Brown Bear argues that the district court granted a similar request in Powell, that Cuna's objection was overruled in Powell, and that the same discussion as outlined in request five applies here. The court finds request 8 is not vague, overly broad, unduly burdensome, or privileged, and orders Cuna to provide responsive documents produced for the period of January 1, 2002, to the present. This court directs Cuna to the discussion relating to request number five, and orders Cuna to produce the documents requested in Brown Bear's request number 8. Cuna has not carried the burden of demonstrating that the documents encompassed by this request are protected by the attorney-client privilege. Rickabaugh, 361 N.W.2d at 624. For any materials allegedly subject to the work product privilege, Cuna shall submit the materials and a

Vaughn Index to the court for *in camera* review of the same.  See <u>Vaughn</u>, 484

F.2d at 826-28.  Cuna shall provide the requested documents, whether directly

to Ms. Brown Bear or to the court for *in camera* review, within thirty (30) days

from the date of this court's order.

### 6.    Request No. 10

Plaintiff's tenth request calls for "copies of all documents or electronic

data, including, but not limited to, documents from any word processing

system, claims Express, or any e-mail system, from the computer system at

CUNA that contain the words "time filing" or timely filing" or "how to file a

claim."  Defendants responded by objecting on identical grounds to their

objections in requests five, seven, and eight.

The court does not agree that the documents are vague and overbroad.

Brown Bear has limited her request to three specific phrases.  Presumably,

Cuna can conduct a keyword phrase on its computer systems to locate

documents that include the specific words.  The court's previous discussion of

overbroad discovery requests applies with equal force to Cuna's objection to

request number ten.  The request itself is appropriately narrow, specific in

nature, and may require Cuna to expend time and money to produce

documents.  This fact alone does not make the request unduly burdensome.

The court's previous discussion as to relevant discovery requests also

applies to Cuna's objection to request number ten.  Because the requested

documents are all narrowed in scope to include specifically-quoted words or phrases relating to the time filing provision relied on by Cuna to deny her claim, the court finds the documents requested are relevant to Brown Bear's allegations that her claim was wrongfully denied based on interpretation of the time filing provision.  Documents containing the precise words listed are likely to bear on issues in Brown Bear's case.

With the exception of those documents which Cuna believes are subject to privilege, the court orders Cuna to comply with Brown Bear's tenth request to the extent that the documents were created from the inception of the time filing provision to the present.  The court finds that Cuna has not carried the burden of demonstrating that the requested documents are protected by the attorney-client privilege.  Rickabaugh, 361 N.W.2d at 624.  For any materials Cuna claims are subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same.  See Vaughn, 484 F.2d at 826-28.  Cuna shall provide the requested documents, whether directly to Ms. Brown Bear or to the court for *in camera* review, within thirty (30) days from the date of this court's order.

### 7.    Request No. 12

Plaintiff's twelfth request in her First Requests for Production calls for "all documents relating to the reason or reasons that CUNA ceased applying the time filing limitation in any state or states."  Defendants responded by

objecting on identical grounds to their objections to requests five, seven, eight, and ten.

The requested documents could directly or indirectly demonstrate Cuna's knowledge of a lack of reasonable basis for its denial of benefits to Brown Bear and illustrate the reprehensibility of Cuna's conduct for the purposes of punitive damages.  As such, the requested documents may bear directly on Brown Bear's allegations against Cuna, and are relevant for purposes of discovery.  The court finds Cuna's arguments as to vagueness, overbreadth, unlimited in time and scope, privilege, and relevancy to be without merit. Cuna is ordered to produce documents in response to Brown Bear's request number twelve.  For any materials Cuna believes are subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same.  See <u>Vaughn</u>, 484 F.2d at 826-28. Cuna shall provide the requested documents, whether directly to Ms. Brown Bear or to the court for *in camera* review, within thirty (30) days from the date of this court's order.

### 8.  Request No. 13

Brown Bear's thirteenth request calls for "[a]ll communications to or from any state agency relating to the time filing clause, the notice prejudice rule, or the supplemental filing limitation."  Cuna responded by objecting on identical grounds to requests, five, seven, eight, ten, and twelve.

Cuna issued a press release following the <u>Powell</u> trial that it was working with state regulators to discuss how to best handle the situation. Docket No. 34-10. Therefore, Brown Bear's request can be construed to encompass the time period from the time Cuna initiated contact with "regulators to discuss how best to handle" reprocessing of claims. <u>See Id.</u> Cuna is the only party able to determine precisely when any such communications with state agencies or other regulators ensued.

The court finds the requested information to be specific and narrow in scope, as Brown Bear has listed the precise phrases about which the communications would have taken place. Moreoever, the request appears to be limited in temporal scope to the time period following the <u>Powell</u> trial and verdict. Finally, this request cannot be said to be burdensome simply because it requires Cuna to undertake a search for any such communications. <u>See</u> discussion *supra* Part I.A.3.b. The court finds request 10 is not vague, overly broad, unduly burdensome, or privileged, and orders Cuna to provide responsive documents produced for the period of January 1, 2009, to the present. Cuna has not shown that these requested documents are protected by the attorney-client privilege. <u>Rickabaugh</u>, 361 N.W.2d at 624. For any materials Cuna claims are subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same. <u>See Vaughn</u>, 484 F.2d at 826-28. Cuna shall provide the requested

documents, whether directly to Ms. Brown Bear or to the court for *in camera* review, within thirty (30) days from the date of this court's order.

### 9.    Request No. 18

Plaintiff's eighteenth request in her First Requests for Production calls for "[a]ny and all company newsletters designed to inform Defendants' employees of news or developments since January 1, 2000, which include any information about handling of time filing claims."  Defendants responded by objecting on the same grounds as the six previously-discussed objections.

This request is not vague, overly broad, or unlimited in time or scope. The information sought is specific in nature, and is sought from a specific subsection of a narrow category of files in Cuna's possession.  Presumably, Cuna keeps either electronic copies or hard copies of the newsletters it sends to employees.  The request is expressly limited in time and scope, and Cuna's objection on contrary grounds is meritless.

Company newsletters are not protected by attorney-client privilege or the work product privilege.  Cuna has not, and presumably cannot, state facts under S.D.C.L. §19-13-3 to show that the newsletters were a communication between attorney and client, were intended to be confidential, and made for the purposes of obtaining legal advice.  See Rickabaugh, 361 N.W.2d at 624. Likewise, Cuna has not stated facts which would lead the court to believe the newsletters contained the attorney's thought processes and is consequently

protected by the work product privilege. Again, the relevant test for work

product privilege is

> whether, in light of the nature of the document and the factual
> situation in the particular case, the document can fairly be said to
> have been prepared or obtained because of the prospect of
> litigation. But the converse of this is that even though litigation is
> already in prospect, there is no work product immunity for
> documents prepared in the regular course of business rather than
> for purposes of litigation.

Simon v. G. D. Searle & Co., 816 F.2d 397, 401 (8th Cir.1987).

To the extent that Cuna is able to complete keyword searches of

newsletters and sort them relating to time filing claims, the court grants Brown

Bear's eighteenth request. To the extent that Cuna is unable to sort its files for

the subject called for by Brown Bear, the court orders Cuna to produce to her

all company newsletters issued since January 1, 2000. For any materials

allegedly subject to the work product privilege, Cuna shall submit the materials

and a Vaughn Index to the court for *in camera* review of the same. See

Vaughn, 484 F.2d at 826-28. Cuna shall provide the requested documents,

whether directly to Ms. Brown Bear or to the court for *in camera* review, within

thirty (30) days from the date of this court's order.

### 10.   Request No. 21

Brown Bear's twenty-first request in her First Requests for Production

calls for "copies of all documents related to efforts undertaken to create or

implement form letters used in processing time filing claims, or overturning

time filing denials," to include "all drafts, work papers, discussions of content, communications or instructions related thereto." Cuna responded by objecting on the same grounds as the seven previously-discussed objections, and further responded that it does not understand Brown Bear's reference to Exhibit 13.

In Powell, Cuna produced documents which demonstrated that its computer system keeps a log of, among other things, all form letters, changes requested to form letters, details of the requested change, date of the request and change, identity of the party who made the change, and the edit history of the form letter. See Docket 34, Exhibit 13. Exhibit 13 appears to show the types of documents Cuna produces in its ordinary course of business withr respect to form letters. The court believes the information sought may be relevant or lead to relevant evidence as to the issues in Brown Bear's case, and is therefore discoverable information. See discussion *supra* Part I.A.1.b. The court notes that this is a ruling on discovery only, and not on admissibility.

The court finds that Cuna has failed to carry its burden of demonstrating that the documents are subject to the attorney-client privilege. Rickabaugh, 361 N.W.2d at 624. Consequently, to the extent that Cuna has not provided the requested documents, the court orders Cuna to produce them. Cuna should provide all form letters used by Cuna in (1) processing time filing claims or (2) overturning or "reprocessing" time filing denials, as well as the supplemental claim reports, "activity reports," "weekly updates," edit histories,

and drafts, instructions, discussions regarding content and communications about the form letters, ranging in date from the first date the form letters were used by Cuna to the present day. For any materials allegedly subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same. See <u>Vaughn</u>, 484 F.2d at 826-28. Cuna shall provide the requested documents, whether directly to Ms. Brown Bear or to the court for *in camera* review, within thirty (30) days from the date of this court's order.

### 11. Request No. 22

Brown Bear's twenty-second request in her First Requests for Production calls for "[a]ny documents relating to litigation involving claims of breach of contract or bad faith against Defendant under its policies of credit disability insurance," to be provided from January 1, 2000 to the present. Cuna objected on grounds identical to the eight previously-discussed objections. Brown Bear notes that the <u>Powell</u> court granted a similar discovery request on grounds that the information sought was relevant, not overly broad or unduly burdensome.

### a. Limitations

### i. Litigation Files

Cuna urges the court to limit Brown Bear's request number 22 to litigation files including "time filing" as part of the allegations of breach of contract or bad faith. Cuna argues that Brown Bear's request is facially

overbroad, that Brown Bear has not shown that Cuna's conduct has the requisite nexus to the specific harm suffered by Brown Bear and, therefore, that she is not entitled to access all documents relating to nationwide litigation with regard to allegations of breach of contract or bad faith. Brown Bear relies on the court's ruling in <u>Powell</u> regarding a similar (but not identical) request, but offers no further argument in support of her request.

"Lawful out-of-state conduct may be probative when it demonstrates the deliberateness and culpability of the defendant's action in the State where it is tortious, but that conduct must have a nexus to the specific harm suffered by the plaintiff." <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408, 422 (2003). Here, plaintiff is requesting any documents relating to litigation involving claims against Cuna for breach of contract or bad faith.

Because Cuna initially denied Brown Bear's insurance claim based upon the time filing rule, the court finds that such documents have a nexus to the harm suffered by plaintiff. Also, such documents may demonstrate defendants' alleged deliberateness and culpability in this case. However, the court agrees that Brown Bear's request for all documents relating to claims of breach of contract or bad faith should be narrowed to encompass those claims bearing a nexus to the specific harm alleged by Brown Bear.

When the scope is appropriately narrowed to include litigation involving the time filing provision specifically, rather than breach of contract or bad faith

generally, this court believes the requested documents are discoverable, and may be appropriate considerations in the jury's determination of an award of punitive damages. "[C]onduct that risks harm to many is likely more reprehensible than conduct that risks harm to only a few. And a jury consequently may take this fact into account in determining reprehensibility." Philip Morris USA v. Williams, 549 U.S. 346, 357, 127 S. Ct. 1057, 1065 (2007). Because the documents Brown Bear requests may reveal that Cuna's alleged conduct in this case occurs frequently and as a result risks harm to many, the requested documents may be relevant to demonstrate reprehensibility, which is a proper consideration in a punitive damages determination. It is important to note, as the district court did in making a similar ruling in Powell, that this is a ruling on discovery and not admissibility. Permitting discovery of litigation files and related documents does not necessarily mean that they will be admissible at trial.

### ii. Parties, Court, and Docket Number Limitation

Cuna further urges the court to limit Brown Bear's request 22 to an order requiring it to state only the names of the parties, the presiding court, and the docket numbers of claims involving the time filing provision. However, the court believes adopting this limitation would be tantamount to ordering Brown Bear to engage in the time and expense of producing of Cuna's discovery obligations, as well as its own, and accordingly will not so adopt Cuna's

proposed limitation. "All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." Continental Illinois Nat'l Bank & Trust Co. Of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D.Kan. 1991). Here again, Cuna has not carried its burden of demonstrating that the documents are protected by the attorney-client privilege. Rickabaugh, 361 N.W.2d at 624.

Accordingly, the court orders Cuna to produce the documents in its possession relating to litigation involving claims of breach of contract based on interpretation or application of the timely filing provision, as well as those documents relating to litigation involving claims of bad faith and interpretation or application of the timely filing provision.

### iii. Documents After Powell or, Alternatively, After July 2009

Cuna asserts that because an insurer's liability for bad faith is determined based upon the facts and law available to the insurer at the time it made its decision to deny coverage, litigation files instituted or filed after the Powell decision or since Cuna paid Brown Bear's claim in July 2009 could not possibly lead to admissible evidence in Brown Bear's case. Brown Bear responds that she is seeking evidence of defendants' knowledge and intent of their actions, which would include evidence that Cuna used its interpretation of the time filing rule to deny claims prior to the time it denied her claim.

Brown Bear alleges that Cuna acted in bad faith when it denied her claim. Thus, Brown Bear must prove that an insurance contract existed, that she suffered a loss compensable under the terms of the policy, and that "the insurer knew there was not a reasonable basis to deny the claim or that the insurer acted in reckless disregard of the existence of a reasonable basis to deny the claim." Brooks v. Milbank Ins. Co., 605 N.W.2d 173, 177 (S.D. 2000). The court finds that a limitation in temporal scope from January 1, 2002, through the present is appropriate, and that documents within that range may be relevant or lead to relevant evidence to show that Cuna knew there was not a reasonable basis to deny Brown Bear's claim at the time it denied her claim. Accordingly, the court orders Cuna to produce the requested files as outlined in Brown Bear's request number twenty-two. For any materials allegedly subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same. See Vaughn, 484 F.2d at 826-28. Cuna shall provide the requested documents, whether directly to Ms. Brown Bear or to the court for *in camera* review, thirty (30) days from the date of this court's order.

## 12.    Request No. 26

Brown Bear's twenty-sixth request calls for "[a]ny documents prepared by or generated by the time filing committee, or any of its members, related to the manner in which the time filing provision in CUNA's policies have been

construed in the past, or will be construed in the future." Cuna objected on grounds identical to the nine previously-discussed objections.

The court finds this request to bear directly on the allegations made by Brown Bear in this case, and to be relevant to show whether Cuna knew there was no reasonable basis to deny Brown Bear's claim. This court agrees with the similar order set forth by the district court in <u>Powell</u>, and similarly does not find it necessary to limit this discovery request to South Dakota-specific claims, because the policy language relied on by Cuna may well be the same language used in other states. <u>Powell</u>, 5:06-cv-05061-KES, Docket 206, at 17. Furthermore, as the district court pointed out in <u>Powell</u>, if Cuna or its time filing committee "were notified that its policy interpretation was improper in a different state, that may be relevant to show defendants' knowledge in this case." <u>Id.</u> at 16-17.

Additionally, the court finds that a time limitation as to this request is appropriate, since Brown Bear's request is essentially unlimited in temporal scope. The court believes that documents produced from January 1, 2002, to the present time adequately limits the scope of this request. Like the district court in <u>Powell</u>, this court sets the above time limitation because it believes that any such documents produced by the time filing committee prior to the time Cuna denied Brown Bear's claim may be relevant to illustrate Cuna's

reprehensibility, which is a proper consideration in a jury's determination of punitive damages.  Id. at 18.

In sum, the court finds request 26 is not vague, overly broad, unduly burdensome, or privileged, and orders Cuna to provide responsive documents produced for the period of January 1, 2002, to the present.  For any materials allegedly subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same.  See Vaughn, 484 F.2d at 826-28.  Cuna shall provide the requested documents, whether directly to Ms. Brown Bear or to the court for *in camera* review, within thirty (30) days from the date of this court's order.

### 13.    Request No. 32

Brown Bear's thirty-second request calls for "any documents returned to Cuna or left with Cuna by Dale Statz at the time he resigned his position, containing the words "time filing," or the "internal appeals committee," or relating in any way to be [sic] subject of time filing, or the internal appeals committee," including hard copy documents and various types of electronic data from various electronic storage mediums.  See Docket No. 34, at 18. Cuna responded by objecting on grounds identical to the ten previously-discussed objections.

Mr. Statz was Cuna's legal compliance manager throughout the period of time Brown Bear's claim was pending, and he sat on the internal appeals

committee for time filing claims.  Docket No. 34, at 19.  He issued the announcement that Cuna would be enforcing the provision supplemental disability claims.  Docket No. 34-16, CMIS 58108-58109.

The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper.  St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections).  Bare assertions that a discovery request is overbroad, unduly burdensome, or irrelevant are ordinarily insufficient to bar production.  Id.  "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive."  Id. (citations omitted).

The court finds the requested documents are not vague, overbroad, unlimited in scope, burdensome, privileged, or irrelevant.  The court orders Cuna to provide responsive documents not already produced in Powell which were in Cuna's possession as of March, 2008, when Dale Statz resigned his position with Cuna, dating back to January 1, 2002.  The documents should include those prepared or generated by the time filing committee or any of its members during that period which relate to Cuna's interpretation or application of the time filing provision in the past or future.  For any materials

allegedly subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same.  <u>See</u> <u>Vaughn</u>, 484 F.2d at 826-28.  Cuna shall provide the requested documents, whether directly to Ms. Brown Bear or to the court for *in camera* review, within thirty (30) days from the date of this court's order.

### 14. Request No. 34

Brown Bear's thirty-fourth request calls for documents describing the functions or operations of CUNA's message recording system, including how information is stored and other information about how the system works. Cuna responded by objecting on similar grounds to the previous eleven objections, excluding an objection based on privilege but adding an objection based on the "confusing" nature of the request.  Cuna apparently read the request as one calling for recordings, and asserts that the nature of its use of the NICE system and its limited 45-day retention period warrant a denial of Brown Bear's request.

This court believes Cuna has mistaken the nature of Brown Bear's request, and grants the motion to compel as to request thirty-four.  The information sought is or may be relevant to issues in this matter, since Brown Bear claims she made calls to the Cuna message recording system regarding her benefits claim.  In the <u>Powell</u> litigation, Cuna defended its benefits denial in part by relying on a recording from the NICE system.  The request is inherently

limited in scope and time, in that the documents sought were created at a finite time, likely by the company to have installed the NICE system in Cuna's offices. Information about how Cuna's telephone recording system works is readily available to Cuna or its employees. Cuna has not demonstrated that the information is subject to the attorney-client privilege. See Rickabaugh, 361 N.W.2d at 624.

In sum, the court finds the requested documents are not vague, overbroad, unlimited in scope, burdensome, privileged, or irrelevant, and orders Cuna to produce the requested discovery. For any materials allegedly subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same. See Vaughn, 484 F.2d at 826-28. Cuna shall provide the requested documents, whether directly to Ms. Brown Bear or to the court for *in camera* review, within thirty (30) days from the date of this court's order.

### 15. Request No. 36

Brown Bear requested "[a]ll Procedure Guide materials related to time filing, supplemental claims, notice requirements, [and] proof of loss requirements." Cuna responded by objecting on grounds identical to the frequently-imposed objection discussed at length previously.

The court agrees with Brown Bear's assertion that Procedure Guide materials dating to the inception of the "12 months from when your disability

begins" language, rather than to the date Brown Bear purchased her policy, would demonstrate Cuna's application of the policy language before it instituted the time filing program. Whether Cuna applied its policy language in 2002 the same way that the district court interpreted it should be applied in 2009 in Powell may bear directly on whether Cuna knew it had no reasonable basis for denying Brown Bear's claim or whether it acted with reckless disregard as to her. It is not unduly difficult for Cuna to produce its own procedural guides, and Brown Bear has restricted her request to those guides containing certain specifically-defined terms or phrases.

Accordingly, the court finds the requested documents are not vague, overbroad, unlimited in scope, burdensome, privileged, or irrelevant, and orders Cuna to produce the requested discovery. For any materials allegedly subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same. See Vaughn, 484 F.2d at 826-28. Cuna shall provide the requested documents, whether directly to Ms. Brown Bear or to the court for *in camera* review, within thirty (30) days from the date of this court's order.

## II.    Plaintiff's Second Set of Document Requests

Brown Bear's seventh request in her second set of production requests calls for "[a]ll claims manuals, procedure guide materials, or training materials for claim handlers, that refer to the "How to file a total disability claim" provision (by that name or any other terminology) or refer to time limits of any kind for notice or claim, or proof of loss."  Brown Bear set the scope of the request to begin at the date Cuna first used the "how to file a total disability claim" language, as reflected in the certificate of insurance issued to Brown Bear, to the present date.  Plaintiff's request included those documents to be found in both the Madison, Wisconsin office and the Waverly, Iowa office. Cuna has not responded or objected to this request.

The court finds that information tending to show Cuna was applying the same policy language to claims by policyholders in different ways may be relevant to illustrate Cuna's reprehensibility and knowledge of no reasonable basis for denial of Brown Bear's claim, in that it may show that Cuna granted disability benefits to some policyholders who were similarly situated to other policyholders who were denied disability benefits, based on differing application of identical policy language in two different locations.  Cuna's reprehensibility based on arbitrary application of policy language is relevant to a determination of punitive damages.  Cuna has not shown that the information is subject to a legitimate claim of attorney-client privilege.  Rickabaugh, 361 N.W.2d at 624.

In sum, the court finds the requested documents are not vague, overbroad, unlimited in scope, burdensome, privileged, or irrelevant, and orders Cuna to produce the requested discovery. For any materials allegedly subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same. See <u>Vaughn</u>, 484 F.2d at 826-28. Cuna shall provide the requested documents, whether directly to Ms. Brown Bear or to the court for *in camera* review, within thirty (30) days from the date of this court's order.

## III.  Plaintiff's Third Set of Document Requests

Brown Bear's sole request in her third set of document requests calls for [a]ny and all documents or information relating in any way to any and all credit disability insurance claim(s) of Conrad Perovich," who was previously insured by Cuna and who signed a written release permitting Cuna to so release his claims information. Cuna asserts that production of Mr. Perovich's file could not possibly result in admissible evidence, and so this request should be denied.

Again, the court believes the requested information may lead to relevant evidence as to Cuna's reprehensibility, which is a consideration in determining punitive damages. Such a request is appropriate for purposes of discovery, and does not necessarily mean the documents produced in response are admissible at trial. Mr. Perovich has signed a release granting permission to

Cuna to release his claim(s). His claim file apparently consists of a minimal number of documents whose production limited to a brief, concrete window of time. Cuna has not shown that Mr. Perovich's claims file is subject to the attorney-client privilege. Rickabaugh, 361 N.W.2d at 624.

Accordingly, the court finds the requested documents are not vague, overbroad, unlimited in scope, burdensome, privileged, or irrelevant, and orders Cuna to produce the requested discovery. For any materials allegedly subject to the work product privilege, Cuna shall submit the materials and a Vaughn Index to the court for *in camera* review of the same. See Vaughn, 484 F.2d at 826-28. Cuna shall provide the requested documents, whether directly to Ms. Brown Bear or to the court for *in camera* review, within thirty (30) days from the date of this court's order.

## CONCLUSION

The court grants in part plaintiff Carolyn Brown Bear's Motion to Compel [Docket No. 33] as discussed above. A decision on the matter of costs and attorneys fees associated with this motion will be deferred until defendants respond to this order as indicated within 30 days. Defendants' objections to plaintiff's discovery thus far appear to the court to have been of a *pro forma* nature and to be unconnected to any basis in the law or facts. The court cautions that defendants' further response to this order should be firmly

grounded in particularized law and facts. The burden is on defendants to clearly articulate those law and facts supporting their continued position.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Id. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated November 5, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE