UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CAROLYN BROWN BEAR, | ) | CIV. 08-5080 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | MOTION TO COMPEL |
| | ) | |
| CUNA MUTUAL GROUP, CUNA | ) | |
| MUTUAL LIFE INSURANCE | ) | |
| COMPANY, and CUNA MUTUAL | ) | |
| INSURANCE SOCIETY, | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff Carolyn Brown Bear moves to compel defendants Cuna Mutual Group, Cuna Mutual Life Insurance Company, and Cuna Mutual Insurance Society (collectively "Cuna"), to produce discovery in response to Plaintiff's Second Motion to Compel Documents. [Docket No. 47]. Defendants oppose the motion. [Docket No. 57]. The motion was referred to this magistrate judge for resolution by the Honorable Jeffrey L. Viken, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A). [Docket No. 50]. As detailed herein, Plaintiff's Second Motion to Compel Discovery is granted.

## FACTS

The facts, insofar as they are pertinent to the present motion, are as follows. On October 8, 2008, Carolyn Brown Bear filed the present law suit

against Cuna, alleging breach of contract and bad faith denial of benefits under a credit disability insurance policy issued to Brown Bear by Cuna. The district court ordered the parties to confer pursuant to Federal Rule of Civil Procedure 26(f). Docket No. 14. Among other requirements under the Rule, the parties were to make or arrange for the disclosures required by Rule 26(a)(1). Id. The parties met by telephone on December 2, 2008. Docket No. 16. Afterward, the parties expressed that all prediscovery disclosures required by Rule 26(a)(1) would be completed by December 31, 2008. Id. at ¶ 10.

Brown Bear alleges in the present motion that Cuna has failed to comply with its obligations under Rule 26(a)(1)(A)(iv), in that it has not disclosed insurance policies in existence after August 1, 2007. Cuna admits that policies exist for the time period after August 1, 2007, but has declined to provide those policies based on its interpretation of Section 4(C) of the single sample liability policy it provided. Docket No. 57; See Docket No. 48-5, § 4(C).

**DISCUSSION**

This court believes the present dispute is best resolved by looking to both Rule 26 and the express language of the sample policy produced by Cuna. Rule 26(a)(1)(A)(iv) provides that a party must disclose "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). The

insurance agreements shall be made available for inspection and copying even in the absence of a discovery request.  Id.  The requirement is subject to various exemptions under Rule 26(a)(1)(B) which are inapplicable here.  Id.

In a diversity action, such as this one, the court's interpretation of an insurance policy is controlled by state law. St. Paul Fire & Marine Ins. Co. v. Med. X-Ray Ctr., 146 F.3d 593, 594 (8th Cir.1998).  Under South Dakota law, the interpretation of an insurance contract is a question of law.  Zochert v. Nat. Farmers Union Property, 576 N.W.2d 531, 532 (S.D. 1998).  The policy must be construed as a whole, and the court must interpret the policy language in a manner consistent with the plain meaning and effect of its words.  O'Daniel v. NAU Country Ins. Co., 427 F.3d 1058, 1060 (8th Cir. 2005) (quoting Nat'l Sun Indus., Inc. v. South Dakota Farm Bureau Ins. Co., 596 N.W.2d 45, 48 (S.D. 1999).  Moreover, the scope of liability insurance is determined from the contractual intent and objectives of the parties as expressed in the policy, and the court may not seek out a strained or unusual meaning for the benefit of the insured.  Allied Mut. Ins. Co. v. Dakota Rose, Inc., 43 F.Supp.2d 1081, 1084-85 (D.S.D. 1999); see Fort Pierre v. United Fire and Cas. Co., 463 N.W.2d 845, 848 (S.D.1990).

In a separate lawsuit, Perovich v. Cuna, Cuna provided to plaintiff's counsel a "Professional Indemnity/Fiduciary Liability Policy" issued to Cuna by AON Professional Risks.  Docket No. 48-4.  Cuna asserts that the policy

3

provided in the Perovich litigation is the only responsive policy for the present matter as well. Docket No. 48-7. Cuna relies on Clause 4(C) of the liability policy, which purports to group together multiple claims involving a single "wrongful act or interrelated wrongful acts" as constituting a single claim.[1] Docket No. 46-5, § 4(C). Clause 4(C) sets the date on which the single claim shall be deemed to have been made as "(1) the time at which the earliest Claim involving the same wrongful act or interrelated wrongful acts is first made, or (2) the time at which the claim involving the same wrongful act or interrelated wrongful acts shall be deemed to have been made pursuant to Clause (6) Notification B. of this policy." Id. Clause 4(C) does not explain whether multiple claims are those filed by a single claimant, or whether the claims include claims from multiple claimants. However, 4(C) falls under a section entitled "Limit of Liability, Retentions and Date of Claim." It is clear upon a cursory reading of this section that it purports to restrict the underwriter's liability rather than expand it.

Furthermore, a close reading of the *entire* sample liability policy provided by Cuna demonstrates that it is inapplicable to Ms. Brown Bear's claim and does not fall within the purview of Rule 26(a)(1)(A)(iv) in this matter. The policy

---

[1] The policy defines a "Claim" as "any civil, criminal, judicial, administrative, or regulatory proceeding or investigation . . . , or any written demand for damages initiated against [Cuna] in which they may be subjected to a binding adjudication of liability for damages." Docket No. 48-5, § 2(D)(1) and (2).

4

language obligates the underwriters to pay only those claims which were "first made during the Policy Period against the Company for a Wrongful Act" by Cuna or its employees. Docket No. 48-5, § 1(C). The policy expressly defines "Policy Period" as "the period from the effective date and hour of this Policy to the Policy expiration date and hour as set forth in Item B of the Declarations, or its earlier cancellation date and hour, if any, or the end of the Optional Extension Period if purchased." Docket No. 48-5, § 2.P. Item B provides that the Policy Period extends from August 1, 2006, to August 1, 2007, "both days at 12:01 a.m. Local Standard Time at the Principal Address stated in Item A."[2] Docket No. 48-5.

This court does not believe the policy applies to Ms. Brown Bear's claim, and therefore cannot be the sole policy produced pursuant to Rule 26(a)(1)(A)(iv). The sample policy denotes a specific Policy Period of August 1, 2006 to August 1, 2007, but Ms. Brown Bear's claim was not filed until October 8, 2008. The underwriter, AON Professional Risks, expressly limited its obligation to pay for claims resulting from wrongful acts which were made outside the effective Policy Period. See Docket No. 48-5, "Declarations." The underwriter is not likely to have impliedly assumed the risk of a greater window of liability for claims resulting from Cuna's wrongful acts. The language of the plan expresses that AON's liability is limited to a year long window or shorter,

---

[2]The local address listed in Item A is Cuna's offices in Madison, Wisconsin.

but in no instances longer than the specific Policy Period written into the policy. Docket No. 48-5, § 2(P).

In sum, the court rejects Cuna's assertion that section 4(C) permits it to assign indemnification coverage to multiple claims by one claimant, or to single claims by multiple claimants, which claims were initially filed outside the Policy Period. The court will not apply a strained construction of a single section of the policy for Cuna's benefit. Dakota Rose, 43 F.Supp. 2d at 1084-85. It follows that Cuna has not fulfilled its obligation under Fed. R. Civ. P. 26 to produce to Ms. Brown Bear the policy or policies of insurance that are applicable to her claim.

## CONCLUSION

Based on the foregoing discussion, it is hereby

ORDERED that plaintiff Carolyn Brown Bear's second motion to compel discovery [Docket No. 47] is granted. Defendants Cuna shall provide all of the insurance policies under which it may be liable to satisfy all or part of a possible judgment in this action, or to indemnify or reimburse for payments made to satisfy the judgment, from January 1, 2003, to the present. Cuna shall produce the documents by December 24, 2009.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly

erroneous or contrary to law.  See Fed. R. Civ. P. 72(a).  The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Id.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require review by the district court.

Dated November 24, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE