UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CAROLYN BROWN BEAR, | ) | CIV. 08-5080 |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | MOTION TO EXTEND SCHEDULING |
| | ) | DEADLINES |
| CUNA MUTUAL GROUP, CUNA | ) | [DOCKET NO. 36] & GRANTING |
| MUTUAL LIFE INSURANCE | ) | MOTION TO SEAL SPECIFIED |
| COMPANY, and CUNA MUTUAL | ) | DOCUMENTS [DOCKET NO. 62] |
| INSURANCE SOCIETY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**INTRODUCTION**

Defendants Cuna Mutual Group, Cuna Mutual Life Insurance Company, and Cuna Mutual Insurance Society (collectively "Cuna"), move this court for an order extending the discovery deadlines contained within this court's previous order compelling defendants to produce various items of discovery. [Docket Nos. 56, 51]. The previous order compelling discovery was granted on November 5, 2009, in response to Plaintiff's First Motion to Compel Documents. [Docket No. 33]. Plaintiff Carolyn Brown Bear does not oppose the motion, but requests that this court's order name specific sources and persons which Cuna is required to search. [Docket No. 61]. Associated with the present motion is Ms. Brown Bear's motion to seal specified documents, which

were attached as exhibits to her response to Cuna's motion to extend the discovery deadlines. Docket No. 62. The motion to extend deadlines was referred to this magistrate judge for resolution by the Honorable Jeffrey L. Viken, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A). [Docket No. 59]. As detailed herein, Defendants' Motion for Extension of Time to Respond [Docket No. 56], and Plaintiff's Motion to Seal Specified Documents [Docket No. 62], are granted.

## FACTS

The facts, insofar as they are pertinent to the present motion, are as follows. On October 8, 2008, Carolyn Brown Bear filed the present law suit against Cuna, alleging breach of contract and bad faith denial of benefits under a credit disability insurance policy issued to Brown Bear by Cuna. Docket No. 1. Since that time, the parties have engaged in various discovery requests and disputes, including a motion made by Ms. Brown Bear requesting that Cuna be compelled to produce documents responsive to her first, second, and third sets of requests for production. See Docket No. 33. On October 20, 2009, the district court referred that motion to this court for resolution. Docket No. 46. On November 5, this court granted Ms. Brown Bear's motion and ordered Cuna to comply with the various discovery requests no later than December 5, 2009. Docket No. 51.

Thereafter, Cuna filed the present motion, requesting an extension of time to comply with the court's order.  Docket No. 56.  The motion is essentially unopposed, but Ms. Brown Bear requests that this court require Cuna "to truly comply" and that there be no restrictions placed on the extent of the discovery Cuna is ordered to produce.  Docket No. 62.  Specifically, Ms. Brown Bear asserts that the individual computers of various high-level employees of Cuna, as well as the computer systems of departments other than the claims processing department, should not be immune from the electronic searches for information previously ordered by this court.  Id.  Attached to Ms. Brown Bear's response to Cuna's motion to extend are several exhibits, which Ms. Brown Bear asks this court in a separate motion to file under seal.  Docket No. 61.

## DISCUSSION

### A. Requests 5 and 8

It is important to clarify at the outset that this court's order of November 5, 2009, *does* require Cuna to produce "general corporate information regarding claim reprocessing efforts, and all documents relating to the reprocessing of individual insured claims."  See Docket Nos. 51, 56-2.  Cuna expressed some uncertainty in its motion for extension of time as to whether documents of these types were required by this court's order of November 5.  Docket No. 56-2, page 4.  These documents are potentially responsive to

3

Ms. Brown Bear's requests five and eight, and are intended to be included in this court's previous order to compel.[1] To that end, Cuna requests a thirty-day extension of the discovery deadline for that information. Docket No. 56-2. Ms. Brown Bear does not object to the extension. Docket No. 61. Accordingly, defendants' motion is granted, with the following clarifications.

Ms. Brown Bear insists that departments other than Cuna's credit disability claim department have been involved in communications and decisions about Cuna's time filing program, and should be included in Cuna's search for responsive information. Docket No. 61, page 5. Ms. Brown Bear believes this court should explicitly direct Cuna to "perform a diligent search of any department that may have been involved in communications involving time filing denials or the reprocessing of time filing claims." Docket No. 61, at page 10. Ms. Brown Bear points out several specific departments which she believes should be included in Cuna's search for responsive documents, including but not limited to Cuna's Records Management Services department, public

---

[1] Ms. Brown Bear's RFP 5 requested "all documents relating to any review, analysis, discussion, interpretation, or research pertaining to your use or potential use of the time filing limitation or supplemental filing limitation in any individual state, any group of states, or in any context in which no specific states are mentioned," to include the "state by date" review referenced in a deposition of Lisa Wagner taken on November 19, 2008. Docket No. 34.

Ms. Brown Bear's RFP 8 called for "[a]ny and all documents relating to the analysis, creation, drafting, or implementation of the HOW TO FILE A TOTAL DISABILITY CLAIM provision in the credit disability insurance policy that is the subject of this action" (emphasis in original).

relations department, call center, legal department, time-filing appeals committee, "Claim Leadership Team," and the individual hard drives of certain other high-level employees.  Id.

To the extent that the specifically-listed departments were involved in communications involving time filing denials or subsequent reprocessing of denied time filing claims, Cuna shall diligently search those departments for responsive information.  Cuna shall search every individual hard drive of all employees involved in the time-filing program and reprocessing of time-filing denials, including but not limited to Dale Statz; Lisa Wagner; Kris Owens; Larry Holweger; Mark Martin; Jeff Post; Sara Norberg; Emily Gnam; and the six presently-unnamed Senior Claims Professionals who were assigned the task of reprocessing denied claims after the Powell litigation.  Docket No. 61.

Cuna shall produce to the court the documents which it claims are subject to the work product privilege for *in camera* review.  Cuna shall summarize, in factual and not conclusory terms, the nature of the material withheld and shall link each specific claim of privilege to specific material.  See Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C.Cir. 1973), *cert denied*, 415 U.S. 977, 94 S.Ct. 1564 (1974).  The court can then assess whether statutory attorney-client or work product privileges apply to the documents and whether they are subject to discovery.  Cuna shall produce all documents described above, whether directly to Ms. Brown Bear, or to the court for *in camera* review,

by January 5, 2010. "In cases involving large numbers of documents or where the nature of the document will not likely be readily apparent on its face to the uninitiated observer, the proponent of work product protection must present *in camera* matter to the Court in a reviewable form such as in a 'Vaughn Index' which itemizes each document, provides a factual summary of its content and justification for withholding it." Delaney, Migdail & Young, Chartered v. I.R.S., 826 F.2d 124, 128 (D.C.Cir.1987); Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973), *cert denied*, 415 U.S. 977, 94 S.Ct. 1564 (1974).

Cuna is able to identify individuals whose computer drives are likely to contain responsive information, and presumably will be able to identify additional persons after searching the drives of the aforementioned employees. Cuna's search is not to be limited to the claims department or to low-level employees. To the extent that Cuna is aware that higher-level employees and departments other than its claims department were involved in any way with the time-filing program or reprocessing of time-filing denials, Cuna shall include those persons and departments in its search for discoverable information. The deadline for production of documents relating to requests five and eight is extended to January 5, 2010.

**B.     Request 10**

Cuna requests an extension to complete electronic searches of Cuna's computer systems.[2]  Docket No. 56-2.  Cuna explained that it is currently moving forward with providing information responsive to RFP 10.  Docket No. 56-2.  Cuna also provided a detailed explanation of the procedures necessary to carry out electronic searches of the various e-mail and computer systems at Cuna's offices, as well as the reasons for its request for an extension of deadlines.  Id.; Docket No. 56-3, Aff. of Brad Krueger.

In response, Ms. Brown Bear states that she does not object to the thirty-day extension of time.  Docket No. 61.  However, Ms. Brown Bear's argument that the scope of the discovery search here should be expansive rather than limited in nature.  As stated above, Cuna argues at length that the computer and email systems of certain specific Cuna employees and departments other than the claims department should not be exempt from the scope of discovery in this case.  Docket No. 61.

As previously discussed, Cuna shall search those computer and email systems of its various departments, including but not limited to Cuna's Records Management Services department, public relations department, call

---

[2] Ms. Brown Bear's RFP 8 requested  "copies of all documents or electronic data, including, but not limited to, documents from any word processing system, claims Express, or any e-mail system, from the computer system at CUNA that contain the words "time filing" or timely filing" or "how to file a claim."

7

center, legal department, time-filing appeals committee, "Claim Leadership Team," and the individual hard drives of certain other high-level employees, to include Dale Statz; Lisa Wagner; Kris Owens; Larry Holweger; Mark Martin; Jeff Post; Sara Norberg; Emily Gnam; and the six Senior Claims Professionals who were assigned the task of reprocessing denied claims after the Powell litigation.  Docket No. 61.

To the extent that Cuna asserts any of the discovered information is privileged, Cuna shall produce an appropriate *Vaughn* Index.  See Vaughn, 484 F.2d at 826-28.  The deadline for production of documents relating to request number ten is extended to January 5, 2010.

### C. Plaintiff's Motion to Seal Specified Documents

Ms. Brown Bear moves the court for a motion to seal specified documents filed with the court, in order to comply with confidentiality provisions related to the exchange of discovery.  Docket No. 62.  Defendants Cuna do not object.  Good cause appearing, the documents attached to Ms. Brown Bear's response to Cuna's motion for extension of time (Docket No. 61), and listed in her motion to seal (Docket No. 62), shall be filed under seal.

## CONCLUSION

Based on the foregoing discussion, it is hereby

ORDERED that defendant Cuna's motion for extension of time to respond to this court's discovery order [Docket No. 56] is granted.  Defendants

Cuna shall provide all of the documents and information responsive to Plaintiff Carolyn Brown Bear's Requests for Production 5, 8, and 10 by January 5, 2010.

To the extent that Cuna maintains that it cannot produce the responsive information by January 5, 2010, it is hereby

ORDERED that Cuna shall instead produce to Ms. Brown Bear the logical forensic copy of each of Cuna's shared drives, and Ms. Brown Bear may undertake the necessary indexing and searching. It is further

ORDERED that plaintiff's motion to seal specified documents filed with the court [Docket No. 62] is granted.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. Id. Failure to file timely objections will result in the waiver of the

right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated December 14, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE